■ PAUL PETERSEN, Respondent, v LYSAGHT, LYSAGHT & KRAMER, P. C., et al., Appellants, et al., Defendant. [672 NYS2d 398] —In an action to recover damages for legal malpractice in connection with the prosecution of an underlying personal injury action, the defendants Lysaght, Lysaght & Kramer, P. C., Peter Kramer, and Michael Balducci appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered January 30, 1997, as denied those branches of their cross motion which were to dismiss the third, fourth, and fifth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the branches of the appellants' cross motion which were to dismiss the fourth and fifth causes of action and substituting therefor a provision granting those branches of the appellants' cross motion to the extent of dismissing so much of the fourth and fifth causes of action as

are based on the appellants' actions in obtaining a settlement with 239 Pension Realty Corp. in the underlying action; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiff retained the appellants to represent him in the prosecution of a personal injury action. That action was settled as against one of the defendants therein, 239 Pension Realty Corp., and a stipulation of settlement was placed on the record. Thereafter, the plaintiff retained new counsel, and moved to vacate the settlement agreement. The court denied the motion, noting that the plaintiff failed to show fraud, collusion, or mistake sufficient to warrant vacating the stipulation. The plaintiff then commenced the instant action to recover damages for legal malpractice against the appellants. The first and second causes of action allege, in essence, that the appellants used duress to force the plaintiff to enter into the stipulation. The third cause of action alleges that the appellants failed to obtain a default judgment against John S. Simone, a defendant in the underlying action who did not answer the complaint. The fourth cause of action alleges that the appellants failed to use due diligence in prosecuting the negligence action, and the fifth cause of action alleges breach of contract based on the fact that the appellants had "warranted to act on plaintiff's behalf and in his best interest with regard to the prosecution of the * * * negligence action". The appellants moved to dismiss the complaint insofar as asserted against them on the ground that it was barred by the principle of collateral estoppel. The Supreme Court granted the motion only to the extent of dismissing the first and second causes of action, but determined that collateral estoppel did not bar the third, fourth, and fifth causes of action.

To apply the doctrine of collateral estoppel, two requirements must be satisfied: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded * * * must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665-666; *Jimenez v Shippy Realty Corp.*, 213 AD2d 377, 378). Contrary to the appellants' contentions, the Supreme Court properly determined that the third cause of action, and the fourth and fifth causes of action to the extent that they concern the appellants' failure to obtain a default judgment against John S. Simone in the negligence action, are not barred by collateral estoppel, as they involve issues of malpractice indepen-

dent of the question of the validity of the settlement agreement which was raised in the prior proceedings. Since the necessary identity of issue is lacking, the court properly refused to apply the doctrine of collateral estoppel (*see, Weiss v Manfredi,* 83 NY2d 974; *Katash v Richard Kranis, P. C.,* 229 AD2d 305; *Rapp v Lauer,* 200 AD2d 726).

However, insofar as the fourth and fifth causes of action concern the appellants' actions in securing a settlement with 239 Pension Realty Corp., the Supreme Court should have applied the same rationale that it used in dismissing the first and second causes of action, i.e., that there was no evidence that the settlement was obtained by fraud, duress, or mistake sufficient to warrant its vacatur. Accordingly, the fourth and fifth causes of action are dismissed to the extent they allege malpractice based on the appellants' actions in obtaining said settlement. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.