■ BARBARA WEXLER et al., Respondents-Appellants, v PASQUALE MALPESO, Appellant-Respondent. [672 NYS2d 723] —Orders, Supreme Court, New York County (Karla Moskowitz, J.), entered March 25, 1997, and order, same court (Beverly Cohen, J.), entered December 1, 1997, which denied defendant's motion to strike plaintiffs' action from the trial calendar, denied defendant's motion for additional discovery of plaintiffs, and, upon the grant of plaintiffs' motion for reargument, modified a prior order quashing plaintiffs' subpoenas duces tecum only to the extent of permitting plaintiffs to serve non-party witness subpoenas in accordance with a conference disclosure order, unanimously affirmed, without costs.

Defendant's answer has been properly struck and an inquest ordered (*see, Wexler v Malpeso*, 234 AD2d 149), and, as a further consequence of his default, defendant has forfeited his right to take plaintiff's deposition (*see, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 573). However, since plaintiffs' damage claims are not deemed admitted by reason of the striking of defendant's answer (*see, Curiale v Ardra Ins. Co.*, 88 NY2d 268, 279), the motion court properly ruled that plaintiffs' entitlement to punitive damages could not be determined in advance of the inquest. We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.