■ JULIUS KESSLER et al., Respondents-Appellants, v ATLANTIC AVENUE CVS, INC., Doing Business as CVS PHARMACY, et al., Appellants-Respondents. [706 NYS2d 731] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), entered December 9, 1998, as denied their cross motion for partial summary judgment dismissing the

plaintiffs' demand for punitive damages, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to preclude the defendants from contesting their entitlement to punitive damages.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the defendants are not precluded from contesting the plaintiffs' entitlement to punitive damages. "When an answer is stricken and a default entered, the defendant 'admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (*Curiale v Ardra Ins. Co.,* 88 NY2d 268, 279, quoting *Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *see also, Wexler v Malpeso,* 251 AD2d 49). Contrary to the plaintiffs' contentions, their damages claims were not deemed admitted when the Supreme Court issued an order dated March 20, 1998, striking the defendants' answer for failure to comply with discovery orders. Therefore, the "plaintiffs' entitlement to punitive damages [cannot] be determined in advance of [an] inquest" (*Wexler v Malpeso, supra,* at 49).

The parties' remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.