■ PAUL PETERSEN, Appellant, v LYSAGHT, LYSAGHT & KRAMER, P. C., et al., Respondents, et al., Defendant. [733 NYS2d 213] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 16, 2000, which granted the motion of the defendants Lysaght, Lysaght & Kramer, P. C., Peter Kramer, and Michael Balducci for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion for an order of preclusion pursuant to CPLR 3126 based upon the failure of the defendants Peter Kramer and Michael Balducci to appear for depositions, or to compel those defendants to appear for depositions.

Ordered that the order is modified, on the law, with costs, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and deleting the provision thereof denying that branch of the cross motion which was to compel the defendants Peter Kramer and Michael Balducci to appear for depositions and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, the complaint insofar as asserted against the respondents is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff retained the defendants Lysaght, Lysaght & Kramer, P. C., Peter Kramer, and Michael Balducci (hereinafter the defendants) to represent her in a personal injury action arising out of a slip and fall accident in a parking lot. An ac-

tion was instituted against the owner of the property and the snow removal contractor, who cleared the premises pursuant to a contract with the owner. The action against the property owner was settled. Thereafter, the plaintiff commenced this action, *inter alia*, to recover damages for legal malpractice based on the defendants' failure to seek a judgment against the snow removal contractor upon his default in appearing in the action. The defendants moved for summary judgment, arguing that the failure to seek a default judgment against the snow removal contractor did not constitute malpractice since he could not be held liable for the plaintiff's injuries.

The Supreme Court erred in granting the defendants' motion. The defendants presented no evidence that the contractual undertaking of the snow removal contractor was a limited one as opposed to a "comprehensive and exclusive property maintenance obligation" (*Bugiada v Iko*, 274 AD2d 368; *see, Grau v Taxter Park Assocs.*, 283 AD2d 551, *lv denied* 96 NY2d 721; *Espinal v Melville Snow Contrs.*, 283 AD2d 546; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457). Accordingly, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law (*see*, CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Under the circumstances, the Supreme Court should have granted that branch of the plaintiff's cross motion which was to compel the defendants Peter Kramer and Michael Balducci to submit to examinations before trial. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Friedmann, J. P., Florio, H. Miller and Townes, JJ., concur.