■ LAUREN HALL, Appellant, v JOSEFA PENAS, Respondent. [772 NYS2d 835]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 9, 2003, as denied that branch of her motion which was to strike the defendant's answer for failure to comply with a conditional order dated March 28, 2002, and granted that branch of the defendant's cross motion which was to compel her to provide certain medical authorizations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to strike the answer is granted, and that branch of the defendant's cross motion which was to compel her to provide certain medical authorizations is denied.

As a result of the defendant's failure to appear for her deposition on or before May 2, 2003, the conditional order dated March 28, 2002, became absolute (*see Marrone v Orson Holding Corp.,* 302 AD2d 371 [2003]; *Stewart v City of New York,* 266 AD2d 452 [1999]). To be relieved of the adverse impact of the

conditional order, the defendant was required to demonstrate a reasonable excuse for her failure to appear at the deposition and the existence of a meritorious defense (*see Marrone v Orson Holding Corp., supra; Macancela v Pekurar,* 286 AD2d 320 [2001]). The defendant did neither.

In addition, since the defendant's answer is now stricken, she is not entitled to any further discovery (*see Minicozzi v Gerbino,* 301 AD2d 580 [2003]; *Santiago v Siega,* 255 AD2d 307 [1998]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.