■ PAUL PETERSEN, Appellant, v LYSAGHT, LYSAGHT & KRAMER, P.C., et al., Respondents, et al., Defendant. [799 NYS2d 522]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated December 1, 2003, which granted the motion of the defendants Lysaght, Lysaght & Kramer, P.C., Peter Kramer, and Michael Balducci for leave to renew their prior motion for summary judgment dismissing the

complaint insofar as asserted against them, which was denied in an order dated June 16, 2000, as modified by decision and order of this Court dated November 13, 2001 (*Petersen v Lysaght, Lysaght & Kramer,* 288 AD2d 281 [2001]), and upon renewal, granted the motion and dismissed the complaint insofar as asserted against those defendants.

Ordered that the order is reversed, on the law, with costs, and the motion for leave to renew is denied, and the complaint is reinstated.

On January 10, 1986, the plaintiff slipped and fell on snow and ice. The plaintiff, represented by the defendants Peter Kramer and Michael Balducci, and their law firm, the defendant Lysaght, Lysaght & Kramer, P.C. (hereinafter collectively the respondents), sued the owner and the owner's snow removal contractor in an underlying action to recover damages for personal injuries. The snow removal contractor defaulted in answering the complaint, and the respondents failed to seek a default judgment against him. The action against the owner was settled for a cash payment. Thereafter, the plaintiff retained new counsel and moved to vacate that settlement in the underlying action. His motion was denied.

In 1996 the plaintiff commenced the instant action to recover damages for legal malpractice against, among others, the respondents. The respondents moved to dismiss the complaint insofar as asserted against them as barred by collateral estoppel, on the ground that the plaintiff's motion in the underlying action to vacate the stipulation of settlement had been denied. The plaintiff's causes of action against the respondents arising from the settlement were dismissed (*see Petersen v Lysaght, Lysaght & Kramer,* 250 AD2d 581 [1998]).

Thereafter, the respondents moved for summary judgment dismissing the remaining causes of action insofar as asserted against them which were based upon a failure to seek a default judgment against the snow removal contractor. The respondents contended that they could not have prevailed on a motion for leave to enter a default judgment against the snow removal contractor on the ground that the snow removal contractor owed no duty to the plaintiff since there was no privity between them.

By order dated June 16, 2000, the respondents' motion was granted, and the plaintiff's cross motion to compel the respondents' depositions was denied. On appeal, this Court reinstated the causes of action against the respondents relating to the failure to seek a default judgment against the snow removal contractor on the ground that the respondents "presented no

evidence that the contractual undertaking of the snow removal contractor was a limited one" and therefore "failed to make a prima facie showing of their entitlement to judgment as a matter of law" (*Petersen v Lysaght, Lysaght & Kramer,* 288 AD2d 281, 282 [2001]). This Court further determined that Peter Kramer and Michael Balducci should be deposed by the plaintiff.

After the depositions of Peter Kramer and Michael Balducci were concluded, the respondents renewed their motion for summary judgment based upon their testimony. In opposition, the plaintiff's attorney noted that the statements of fact in the depositions of Peter Kramer and Michael Balducci could have been presented by them on the original motion for summary judgment. The Supreme Court granted renewal and dismissed the complaint insofar as asserted against the respondents. We reverse.

This Court determined that the respondents' motion for summary judgment should have been denied on the ground that the respondents failed to establish their entitlement to judgment as a matter of law. This Court did not find that their motion was premature on the ground that discovery had not been completed (*Petersen v Lysaght, Lysaght & Kramer,* 288 AD2d 281, 282 [2001], *supra*). At that juncture, the only relevant outstanding discovery was the respondents' own depositions.

In support of their motion for leave to renew, the respondents were required to present a "reasonable justification for the failure to present . . . on the prior motion" the facts presented in support of their motion for leave to renew (CPLR 2221 [e] [3]). There was no justification for the respondents' failure to present the information revealed in their depositions in support of the original motion for summary judgment. Accordingly, renewal should have been denied. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.