■ C&S REALTY, INC., Appellant, v MATTHEW SOLOFF, Also Known as MATT SOLOFF, Respondent. [801 NYS2d 772]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated January 4, 2005, which denied its motion, in effect, to vacate the dismissal of the action.

Ordered that the order is affirmed, with costs.

In a certification order dated May 17, 2005, the Supreme Court directed the plaintiff to file a note of issue within 90 days and warned that the action would be "deemed dismissed" if the plaintiff failed to comply. Both parties signed the order. The order had the same effect as a 90-day notice pursuant to CPLR 3216 (*see Betty v City of New York*, 12 AD3d 472 [2004]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]; *Werbin v Locicero*, 287 AD2d 617 [2001]). Having, in effect, received a 90-day notice, the plaintiff was required to either timely file a note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). The plaintiff did neither and the action was dismissed pursuant to CPLR 3216 (*see Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348, 349 [2005]; *Betty v City of New York, supra* at 473).

A case dismissed pursuant to CPLR 3216 may be restored

only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and a meritorious cause of action (*see Sapir v Krause, Inc.*, 8 AD3d 356, 356-357 [2004]; *Bokhari v Home Depot U.S.A., supra*). Here, the plaintiff failed to make that showing. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, in effect, to vacate the dismissal. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.