Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 24, 2002, *583 convicting him of disorderly conduct and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to establish his guilt of assault in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Gillette, 8 AD3d 496 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see People v West, 233 AD2d 277 [1996]; People v Rodriguez, 179 AD2d 554 [1992]).
The County Court did not err in denying the defendant’s request pursuant to Civil Rights Law § 50-a for access to the personnel files of police officers who testified against him at trial (see People v Gissendanner, 48 NY2d 543 [1979]). The defendant failed to make the required “clear showing of facts sufficient to warrant the judge to request records for review” (Civil Rights Law § 50-a [2]; see People v Gissendanner, supra; Lawrence v City of New York, 118 AD2d 758 [1986]).
The defendant’s contention that the jury verdict was repugnant is unpreserved for appellate review and, in any event, is without merit (see People v Satloff, 56 NY2d 745 [1982]; People v Graham, 307 AD2d 935 [2003]).
The defendant’s remaining contention is without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.