■ AUDREY McCLAREN, Appellant-Respondent, v BELL ATLANTIC, Defendant, and BROOKLYN UNION GAS COMPANY, Respondent-Appellant. (Action No. 1.) AUDREY McCLAREN, Appellant, v CITY OF NEW YORK, Respondent. (Action No. 2.) [817 NYS2d 395]—

In related actions to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 18, 2005, as denied her motion pursuant to CPLR 5015 to vacate a prior order of the same court dated February 26, 2004, which, upon her failure to appear for oral argument of a motion, dismissed the complaints pursuant to 22 NYCRR 202.27 (b), and the defendant Brooklyn Union Gas Company cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it in action No. 1 as academic.

Ordered that the order is affirmed insofar as appealed from, and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Brooklyn Union Gas Company and City of New York payable by the plaintiff.

The complaints were dismissed pursuant to 22 NYCRR 202.27 (b) following the failure of the plaintiff's counsel to appear for oral argument of a motion. To be relieved of the default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Rubenbauer v Mekelburg*, 22 AD3d 826, 827 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429 [2005]; *Feuer v Vernon Manor Coop. Apts., Section I*, 303 AD2d 448 [2003]). We agree with the Supreme Court that the plaintiff's conclusory and unsubstantiated claim of law office failure was insufficient to constitute a justifiable excuse (*see Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]; *Fekete v Camp Skwere*, 16 AD3d 544 [2005]). Moreover, she failed to

demonstrate the meritorious nature of her action (see *Rubenbauer v Mekelburg, supra* at 827; *Solomon v Ramlall,* 18 AD3d 461 [2005]).

The Supreme Court properly determined that the cross motion was academic. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.