■ In the Matter of LUNA ALLEN DENTON, Appellant, v CITY OF MOUNT VERNON et al., Respondents. [817 NYS2d 140]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered May 3, 2005, which denied her motion, in effect, to vacate her default in complying with an order of the same court entered May 4, 2001, granting the unopposed motion of the defendant City of Mount Vernon pursuant to CPLR 3126 to the extent of directing the dismissal of the complaint unless she complied with certain discovery demands by a date certain.

Ordered that the order is affirmed, with one bill of costs.

Upon the plaintiff's failure to comply with the conditional order of dismissal entered May 4, 2001, the order became absolute (see Echevarria v Pathmark Stores, Inc., 7 AD3d 750, 751 [2004]; Hall v Penas, 5 AD3d 549 [2004]; Marrone v Orson Holding Corp., 302 AD2d 371 [2003]; Stewart v City of New York, 266

AD2d 452 [1999]). To be relieved of the adverse impact of the conditional order, the plaintiff was required to demonstrate a reasonable excuse for her default and the existence of a meritorious claim (*see Echevarria v Pathmark Stores, Inc., supra; Hall v Penas, supra* at 549-550; *Marrone v Orson Holding Corp., supra* at 371-372; *Stewart v City of New York, supra*). The plaintiff's counsel failed to adequately explain and detail the alleged law office failure which occurred after the suspension of the attorney who had formerly handled the plaintiff's case (*see generally Grezinsky v Mount Hebron Cemetery*, 305 AD2d 542 [2003]; *Eretz Funding v Shalosh Assoc.*, 266 AD2d 184, 185 [1999]). In the absence of a reasonable excuse for the plaintiff's default, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, in effect, to vacate her default in complying with the conditional order. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.