CASSANDRA PITON, Appellant, v LUDNER M. CRIBB, Respondent. [832 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated April 25, 2006, which denied her motion to vacate an order of the same court dated March 31, 2005, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, upon her default in opposing that branch of the motion, and dismissing the action.

Ordered that the order dated April 25, 2006 is affirmed, with costs.

To vacate her default in opposing that branch of the defendant's motion which was for summary judgment dismissing the complaint, the plaintiff was required to demonstrate both a reasonable excuse for her default and a meritorious cause of action (*see* CPLR 5015 [a]; *McClaren v Bell Atl.*, 30 AD3d 569 [2006]; *Yurteri v Artukmac*, 28 AD3d 545 [2006]; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]). Although a court may, in its discretion, relieve a party of a default caused by law office failure (*see* CPLR 2005; *Conserve Elec., Inc. v Tulger Contr. Corp.*, 36 AD3d 747 [2007]; *Costello v Reilly*, 36 AD3d 581 [2007]), a conclusory and unsubstantiated claim of law office failure will not rise to the level of a reasonable excuse (*see Matter of ELRAC, Inc. v Holder*, 31 AD3d 636 [2006]; *McClaren v Bell Atl., supra*; *Matter of Denton v City of Mount Vernon*, 30 AD3d 600 [2006]; *Solomon v Ramlall*, 18 AD3d 461 [2005]; *Abrams v City of New York*, 13 AD3d 566 [2004]). Since the plaintiff failed to adequately detail and substantiate the alleged law office failure that resulted in her failure to oppose that branch of the defendant's motion which was for summary judgment dismissing the complaint, the Supreme Court prudently exercised its discretion in denying her motion to vacate her default (*see Matter of ELRAC, Inc. v Holder, supra*; *McClaren v Bell Atl., supra*; *Matter of Hye-Young Chon v Country-Wide Ins. Co., supra*; *Solomon v Ramlall, supra*; *Abrams v City of New York, supra*). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.