■ GEORGE LOUIS, Appellant, v MTA LONG ISLAND BUS CO. et al., Defendants and Third-Party Plaintiffs-Respondents. JOSEPH LAURENTI et al., Third-Party Defendants-Respondents. [848 NYS2d 177]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated August 14, 2006, which denied his motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend the time, in effect, to file a note of issue.

Ordered that the order is affirmed, with one bill of costs.

The certification order dated September 26, 2005 directing the plaintiff to file a note of issue within 90 days and warning that the action would be deemed dismissed without further order of the court if the plaintiff failed to comply with this directive had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Hoffman v Kessler*, 28 AD3d 718 [2006]; *Rezene v Williams*, 22 AD3d 656 [2005]; *C&S Realty, Inc. v Soloff*, 22 AD3d 515 [2005]). Since the plaintiff failed to timely comply with this directive or to move, before the default date, for an extension of time to comply, the action was properly dismissed pursuant to CPLR 3216 (*see C&S Realty, Inc. v Soloff*, 22 AD3d 515 [2005]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]; *Trust Co. of N.J. v Genser*, 271 AD2d 524 [2000]). To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a reasonable excuse for his default and a meritorious cause of action (*see Bowman v Kusnick*, 35 AD3d 643 [2006]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381, 382 [2004]; *Sustad v Karagiannis*, 305 AD2d 664 [2003]). The plaintiff failed to submit any medical evidence demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Rezene v Williams*, 22 AD3d 656 [2005]; *Sharpe v Osorio*, 21 AD3d 467 [2005]; *Uddin v Mirza*, 10 AD3d 722 [2004]; *LaMacchia v Rogers*, 8 AD3d 346 [2004]). Since the plaintiff failed to demonstrate a meritorious cause of action, the Supreme Court providently exercised its discretion in denying his motion. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.