■ MICHAEL LUGAUER et al., Respondents, v FOREST CITY RATNER CO. et al., Appellants. [843 NYS2d 456]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated December 11, 2006, which granted the plaintiffs' motion, inter alia, to vacate their default in timely filing a note of issue and to restore the case to the trial calendar, and denied their cross motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiffs' motion is denied, and the defendants' cross motion pursuant to CPLR 3126 to dismiss the complaint for failure to prosecute is granted.

In order to excuse their default and to restore this action to the calendar, the plaintiffs were required to demonstrate a justifiable excuse for their failure to timely file the note of issue and a meritorious claim (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Amato v Commack Union Free School Dist.*, 32 AD3d 807 [2006]; *Chaudhry v Ziomek*, 21 AD3d 922, 924 [2005]). Although the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), a claim of law office failure should be supported by a "detailed and credible" explanation of the default at issue (*see Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see also Gironda v Katzen*, 19 AD3d 644, 645 [2005]). The conclusory, undetailed, and uncorroborated claim of law office failure set forth by the plaintiffs in this case does not amount to a reasonable excuse (*see Matter of ELRAC, Inc. v Holder*, 31 AD3d 636 [2006]; *Matter of Denton v City of Mount Vernon*, 30 AD3d 600, 601 [2006]; *McClaren v Bell Atl.*, 30 AD3d 569 [2006]; *Solomon v Ramlall*, 18 AD3d 461 [2005]; *Grezinsky v Mount Hebron Cemetery*, 305 AD2d 542 [2003]). Moreover, the conclusory allegations contained in the complaint and the bill of particulars were an insufficient showing of a meritorious claim. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion, inter alia, to vacate their default in timely filing a note of issue and to restore the case to the trial calendar and in denying the defendants' cross motion pursuant to CPLR 3126 to dismiss the complaint for failure to prosecute. Rivera, J.P., Krausman, Carni and Balkin, JJ., concur.