■ In the Matter of ELIOT F. BLOOM, Respondent, v MYRON LUBOW, Appellant. [845 NYS2d 439]—

In a proceeding, inter alia, pursuant to CPLR article 75 to vacate an arbitration award, Myron Lubow appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered October 28, 2005, as, upon reargument, conditionally granted the motion of Eliot F. Bloom to vacate a prior order of the same court entered December 30, 2004, denying the petition brought by Eliot F. Bloom to vacate the award and granting his petition to confirm the award, vacated the arbitration award, and set the matter down for a trial de novo, on condition that Eliot F. Bloom file a note of issue within 45 days, and (2) from an order of the same

court (Robbins, J.), entered March 8, 2006, which denied his motion to strike the note of issue and for judgment in his favor and against Eliot F. Bloom.

Ordered that the order entered March 8, 2006 is reversed, on the law and in the exercise of discretion, and the appellant's motion to strike the note of issue and for judgment in his favor and against Eliot F. Bloom is granted; and it is further,

Ordered that the appeal from the order entered October 28, 2005 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The attorney's fee dispute underlying this proceeding is governed by part 137 of the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 137). Pursuant to those rules, the appellant client, Myron Lubow, sought arbitration of a fee dispute with the petitioner attorney Eliot F. Bloom. The arbitrators issued an award dated July 14, 2004, pursuant to which Bloom was directed to return the $10,000 retainer he had accepted from Lubow. By order entered December 30, 2004, the Supreme Court granted Lubow's petition to confirm the arbitration award, and denied Bloom's petition to vacate the award.

In the order appealed from entered October 28, 2005, the court, upon reargument, inter alia, conditionally granted Bloom's motion to vacate the prior order entered December 30, 2004, and set the matter down for a trial de novo, *"provided* [that] Bloom files a Note of Issue to place this matter on the trial calendar within 45 days after the date of this order" (emphasis added). The court also directed that "[i]f [Bloom] fails to timely file the Note of Issue in accordance with this order, then [Bloom's post-judgment] motion [for leave to reargue and for a trial de novo] is denied and the [judgment] confirming the arbitration award shall stand." Bloom filed a note of issue on January 13, 2006, well beyond the 45-day time limit set forth in the order dated October 28, 2005. Thereafter, Lubow moved to strike the late note of issue and for judgment in his favor and against Bloom. By order entered March 8, 2006, the Supreme Court denied Lubow's motion.

As a result of Bloom's failure to timely comply with the conditional order entered October 28, 2005, by filing the note of issue within 45 days, that conditional order became absolute (*see Matter of Denton v City of Mount Vernon*, 30 AD3d 600 [2006]; *Lee v Arellano*, 18 AD3d 620, 621 [2005]). To be relieved of the adverse impact of the conditional order, Bloom was required to demonstrate a reasonable excuse for his failure to comply with the order and the existence of a meritorious claim (*see Matter of Denton v City of Mount Vernon*, 30 AD3d 600

[2006]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]).

Here, Bloom failed to establish the merit of his claim of entitlement to an award of an attorney's fee, a claim that the arbitrators had entirely rejected. Also, his showing of a reasonable excuse was limited to the conclusory assertion that "[his] office failed to calendar this matter." "[A] conclusory and unsubstantiated claim of law office failure will not rise to the level of reasonable excuse" (*Piton v Cribb*, 38 AD3d 741 [2007]).

In light of our determination with respect to Bloom's failure to comply with the condition, the order entered December 30, 2004, remains in effect and the appeal from the order entered October 28, 2005, has been rendered academic. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.