■ PAUL PETERSEN, Appellant, v LYSAGHT, LYSAGHT & KRAMER, P.C., et al., Respondents, et al., Defendant. [851 NYS2d 209]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated October 4, 2006, which denied his motion, in effect, pursuant to CPLR 5015 (a), to vacate the dismissal of the action pursuant to CPLR 3216 and for leave to serve and file a late note of issue.

Ordered that the order is affirmed, with costs.

The certification order of the Supreme Court dated February 3, 2006, directing the plaintiff to file a note of issue within 90 days and warning that the action would be deemed dismissed without further order of the court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Hoffman v Kessler*, 28 AD3d 718 [2006]). In light of the plaintiff's failure to comply with the directive, or to move, before the default date, for an extension of time to comply, the action was properly dismissed pursuant to CPLR 3216 (*see C&S Realty, Inc. v Soloff*, 22 AD3d 515, 516 [2005]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Trust Co. of N.J. v Genser*, 271 AD2d 524, 525-526 [2000]).

In order to vacate the dismissal of the action, the plaintiff was required to demonstrate a reasonable excuse for his failure to comply with the notice and the existence of a meritorious cause of action (*see Parker v Hasem Grocery*, 13 AD3d 507, 508

[2004]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381, 382 [2004]; *Sustad v Karagiannis*, 305 AD2d 664 [2003]). The plaintiff failed to make the required demonstration.

With regard to reasonable excuse, the plaintiff's counsel offered nothing more than that "the failure to timely file the Note of Issue was due to law office failure." However, "a conclusory and unsubstantiated claim of law office failure will not rise to the level of a reasonable excuse" (*Piton v Cribb*, 38 AD3d 741, 742 [2007]; *see Matter of Bloom v Lubow*, 45 AD3d 680 [2007]; *Lugauer v Forest City Ratner Co.*, 44 AD3d 829 [2007]; *Gourdet v Hershfeld*, 277 AD2d 422 [2000]). Thus, the plaintiff failed to establish a reasonable excuse for his failure to comply with the certification order.

Moreover, the plaintiff's motion papers failed to establish the existence of a meritorious cause of action. Contrary to the plaintiff's contention, we have not previously decided this issue in his favor. On a prior appeal, we held that the Supreme Court should have denied those branches of a motion by the defendants Lysaght, Lysaght & Kramer, P.C., Peter Kramer, and Michael Balducci (hereinafter the defendants) which were to dismiss certain of the plaintiff's causes of action insofar as asserted against them as barred by the doctrine of collateral estoppel (*see Petersen v Lysaght, Lysaght & Kramer*, 250 AD2d 581 [1998]). On a second prior appeal, we held that the Supreme Court should have denied a motion by the defendants for summary judgment dismissing the same causes of action, on the ground that they failed to establish their prima facie entitlement to judgment as a matter of law (*see Petersen v Lysaght, Lysaght & Kramer*, 288 AD2d 281 [2001]). Finally, on a third prior appeal, we reversed so much of an order of the Supreme Court as granted a motion by the defendants for leave to renew their prior summary judgment motion, on the ground that they failed to meet the requirements of CPLR 2221 (e) (3) (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 19 AD3d 391 [2005]). Thus, we have never previously held that the subject causes of action are, in fact, meritorious.

To establish the merit of his claims, the plaintiff tendered a copy of his verified complaint, which, in relevant part, stated that "[t]he defendants made no efforts to secure a default judgment" against a defendant in an underlying personal injury action, thereby committing legal malpractice. Without even a modicum of proof that a default judgment properly could have been obtained against that defendant in the underlying action (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]; CPLR 3215 [f]), we cannot conclude that the plaintiff

established the existence of a meritorious cause of action to recover damages for legal malpractice.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion. Crane, J.P., Fisher, Ritter, Covello and Dickerson, JJ., concur.