JOSEPH FRAZZETTA et al., Appellants-Respondents, v P.C. CELANO CONTRACTING et al., Respondents-Appellants, and PETER CAVASINNI, Respondent. [864 NYS2d 482]—

In an action to recover damages for breach of contract and fraud, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 20, 2007, as denied their motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add Celano Construction Corp. as a party defendant, granted that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendant P.C. Celano Contracting on the ground of discharge in bankruptcy, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action to recover damages for fraud insofar as asserted against the remaining defendants, and (2) so much of an order of the same court dated December 14, 2007, as denied their motion which was denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue, and the defendants P.C. Celano Contracting and Ann Cavasinni, as executrix of the estate of Victor Cavasinni, cross-appeal, as limited by their brief, from so much of the order dated July 20, 2007, as denied that branch of the defendants' cross motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute insofar as asserted against them.

Ordered that the order dated July 20, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 20, 2007 is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, that branch of the defendants' cross motion which was pursuant to CPLR 3216 to dismiss the first cause of action to recover damages for breach of contract for failure to prosecute insofar as asserted against the defendant Ann Cavasinni, as executrix of the estate of Victor Cavasinni, is granted, and those branches of the defendants' cross motion which were pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against P.C. Celano Contracting and the second cause of action to recover damages for fraud insofar as asserted against the defendant Ann Cavasinni, as executrix of the estate of Victor Cavasinni, are denied as academic; and it is further,

Ordered that the appeal by the plaintiffs from the order dated December 14, 2007 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants, payable by the appellants-respondents.

The plaintiffs' second motion, which was denominated as one for leave to renew and reargue, was not based on new facts (see CPLR 2221 [e] [2]; Trahan v Galea, 48 AD3d 791 [2008]). Thus, the motion, although denominated as one for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see Trahan v Galea, 48 AD3d 791 [2008]; Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392 [2008]; Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d 603 [2007]).

On November 19, 1998 the plaintiffs entered into a home improvement contract with "P.C. Celano Contracting," the name under which the defendant Peter Cavasinni did business as a home improvement contractor. In 2001 the plaintiffs commenced this action against the defendants to recover damages for breach of contract and fraud. Three years later, by order of the United States Bankruptcy Court for the Eastern District of New York dated November 1, 2004, the defendant Peter Cavasinni was granted a discharge in bankruptcy pursuant to section 727 of title 11 of the United States Bankruptcy Code.

In an order dated June 20, 2005, the Supreme Court, Suffolk County, directed that the instant "action shall be dismissed" unless a note of issue was filed on or before February 24, 2006. This order also stated, in relevant part, that "there shall be no adjournment of any of the above provisions except by WRITTEN ORDER of the Court." The plaintiffs admittedly never complied with that directive.

By order and stipulation dated February 24, 2006, the Supreme Court again directed the plaintiffs to file a note of issue on or before June 9, 2006. The February 24 order and stipulation also included a provision pursuant to which the plaintiffs were duly advised that the "action shall be dismissed" unless the note of issue was filed by the specified date. The February 24 order and stipulation also stated, in relevant part, that "there shall be no adjournment of any of the above provisions except by WRITTEN ORDER of the Court." The February 24 order and stipulation was signed by the parties' respective counsel. Subsequently, the plaintiffs failed either to file a note of issue on or before June 9, 2006, or to make a motion for an order extending that deadline. Instead, by notice of motion dated July 19, 2006, the plaintiff sought leave to amend the complaint to add Celano Construction Corp. as a party defendant.

The defendants opposed the plaintiffs' motion and cross-moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The Supreme Court, in its order dated July 20, 2007, among other things, denied the plaintiffs' motion for leave to amend the complaint and granted the defendants' cross motion, but only to the extent that it sought dismissal of the second cause of action to recover damages for fraud for failure to state a cause of action and dismissal of the complaint insofar as asserted against the defendant P.C. Celano Contracting on the ground of discharge in bankruptcy. The court denied that branch of the defendants' cross motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In a subsequent order dated December 14, 2007, the court, inter alia, denied the plaintiffs' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue. The instant appeal and cross appeal ensued.

The order dated February 24, 2006, had the same effect as a "90-day notice pursuant to CPLR 3216" (*Anjum v Karagoz*, 48 AD3d 605, 605 [2008]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]; *Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]). It is undisputed that the plaintiffs failed to comply with that order by timely serving and filing a note of issue on or before the date specified therein or moving to extend the time within which to do so. Thus, it was incumbent upon the plaintiffs, if they wished to prosecute the action, to demonstrate a justifiable excuse for their failure to comply with the order and a meritorious cause of action (*see* CPLR 3216 [e]; *Anjum v Karagoz*, 48 AD3d 605 [2008]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]; *Louis v MTA Long*

*Is. Bus Co.*, 44 AD3d 628 [2007]; *Sharpe v Osorio*, 21 AD3d 467, 468 [2005]).

In opposition to that branch of the defendants' motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, the plaintiffs' counsel asserted, ostensibly as the plaintiffs' reasonable excuse for not filing the note of issue, that he relied upon the oral advice of a law clerk. Specifically, counsel contended that when he contacted the court after the order dated June 20, 2005, which directed the plaintiffs to file a note of issue on or before February 24, 2006, counsel was advised by a law clerk that the deadline to file the note of issue "was not a mandatory deadline." In apparent reliance on this advice, the plaintiffs contend that they similarly concluded that the subsequent directive of the court set forth in the order dated February 24, 2006 to file a note of issue by June 9, 2006 was not mandatory since discovery was still outstanding on the later date.

Even if the incomplete nature of pretrial discovery might have constituted a reasonable excuse, we note that reliance on a law clerk's view that the relevant deadlines, as directed by court order, were not "mandatory," is not reasonable. In any event, the plaintiffs' submissions also failed to make any showing of merit with respect to liability on the cause of action to recover damages for breach of contract (*see Sharpe v Osorio*, 21 AD3d 467, 468 [2005]; *Garcia v Roopnarine*, 18 AD3d 607 [2005]). Thus, under the circumstances of this case, that branch of the defendants' cross motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute should have been granted insofar as asserted against the defendant Ann Cavasinni, as executrix of the estate of Victor Cavasinni (*see* CPLR 3216 [a], [e]). To the extent that the branch of the defendants' cross motion which was pursuant to CPLR 3216, also was to dismiss the complaint insofar as asserted against the defendant Peter Cavasinni, we note that this defendant did not take an appeal from the order before us deciding that branch of the cross motion.

The plaintiffs' remaining contentions either have been rendered academic or are without merit. Skelos, J.P., Ritter, Florio and Carni, JJ., concur. [*See* 2007 NY Slip Op 32263(U).]