■ ILDEFONSO RODRIGUEZ, Appellant, v FIVE TOWNS NISSAN et al., Respondents. [892 NYS2d 768]—

The certification order dated March 26, 2008, which directed the plaintiff to file a note of issue within 90 days, and stated that the failure to file a note of issue would result in dismissal of the action, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]; *Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Hoffman v Kessler*, 28 AD3d 718 [2006]). The plaintiff failed either to comply with the directive, or move, before the default date, for an extension of time to comply and, therefore, the action was properly dismissed pursuant to CPLR 3216 (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]; *C&S Realty, Inc. v Soloff*, 22 AD3d 515, 516 [2005]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]).

To vacate the dismissal of the action, the plaintiff was required to demonstrate a reasonable excuse for his failure to comply with the order and the existence of a meritorious cause of action (*see Bokhari v Home Depot U.S.A.*, 4 AD3d 381, 382 [2004]; *Sustad v Karagiannis*, 305 AD2d 664 [2003]). The plaintiff failed to demonstrate the existence of a meritorious cause of action. Accordingly, the plaintiff's motion to vacate the dismissal of the action was properly denied (*see Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Rezene v Williams*, 22 AD3d 656 [2005]). In reaching this determination, we have not considered evidence which is dehors the record with respect to the order appealed from (*see Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]; *Bladykas v County of Nassau*, 47 AD3d 652 [2008]; *Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.