■ MICHAEL SANDERS, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Respondent. MICHELLE SANDERS, Nonparty Appellant. [925 NYS2d 859]—

In an action to recover damages for personal injuries,

nonparty Michelle Sanders, as administratrix of the estate of the plaintiff, Michael Sanders, appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated October 23, 2009, which denied her motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to extend the time to file a note of issue, and, pursuant to CPLR 1021, to be substituted as a plaintiff in place of Michael Sanders and to amend the caption accordingly.

Ordered that the order is affirmed, with costs.

On June 4, 2002, the attorney for the plaintiff, Michael Sanders, signed a compliance conference order directing the plaintiff to file a note of issue on or before November 20, 2002, and warning that failure to comply would result in the dismissal of the action. The plaintiff failed to comply with that order either by filing a timely note of issue or by moving to extend the period for doing so; and the action was dismissed on November 29, 2002, pursuant to CPLR 3216. On July 21, 2003, the plaintiff died intestate, and the appellant, Michelle Sanders, was appointed administratrix on May 2, 2006. Three years after her appointment, the appellant moved, inter alia, to vacate the dismissal of the action and to be substituted as a plaintiff in place of the decedent. The Supreme Court denied the motion.

In light of the approximate three-year delay between the death of the plaintiff and the appointment of the appellant as the administratrix of the plaintiff's estate, the further three-year delay between the appointment of the appellant as administratrix and the underlying motion, inter alia, seeking her substitution in this action, the failure to proffer any excuse for the delays, and the failure to show that the action was potentially meritorious, that branch of the appellant's motion which was for substitution was properly denied (see CPLR 1021; Reed v Grossi, 59 AD3d 509, 511 [2009]; McDonnell v Draizin, 24 AD3d 628 [2005]; Washington v Min Chung Hwan, 20 AD3d 303, 305 [2005]).

Furthermore, that branch of the appellant's motion which was to vacate the dismissal of the action pursuant to CPLR 3216 also was properly denied, as she failed to demonstrate a justifiable excuse for the plaintiff's delay in properly responding to the 90-day notice and a potentially meritorious cause of action (see CPLR 3216 [e]; Fenner v County of Nassau, 80 AD3d 555, 556 [2011]; Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 784 [2008]; Matter of Bloom v Lubow, 45 AD3d 680 [2007]; Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]; Sortino v Fisher, 20 AD2d 25, 31-32 [1963]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.