In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered June 29, 2011, which denied her motion, in effect, to vacate a judgment of the same court dated June 29, 2010, dismissing the complaint pursuant to CPLR 3216, to restore the action to the calendar, and to extend her time to file a note of issue.
Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
*818 There is no merit to the plaintiffs contention that the judgment improperly dismissed the complaint pursuant to CPLR 3216 and, therefore, that her motion to vacate the judgment should have been granted. The certification order dated February 16, 2010, directing the plaintiff to file a note of issue within 90 days, and warning that the complaint would be deemed dismissed without further order of the Supreme Court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Fenner v County of Nassau, 80 AD3d 555, 555 [2011]; Sicoli v Sasson, 76 AD3d 1002, 1003 [2010]; Rodriguez v Five Towns Nissan, 69 AD3d 833, 834 [2010]). Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (see Fenner v County of Nassau, 80 AD3d at 555; Sharpe v Osorio, 21 AD3d 467, 468 [2005]; DeVore v Lederman, 14 AD3d 648, 649 [2005]). In light of the plaintiffs failure to do either, the complaint was properly dismissed pursuant to CPLR 3216 (see Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 783 [2008]; C&S Realty, Inc. v Soloff, 22 AD3d 515, 516 [2005]; Vinikour v Jamaica Hosp., 2 AD3d 518, 519 [2003]).
To vacate the judgment dismissing the complaint, the plaintiff was required to demonstrate a justifiable excuse for her failure to comply with the certification order and the existence of a potentially meritorious cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Rodriguez v Five Towns Nissan, 69 AD3d at 834; Davis v Cardiovascular Consultants of Long Is., P.C., 65 AD3d 1076, 1077 [2009]; Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d at 783). Although the court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a claim of law office failure should be supported by a “detailed and credible” explanation of the default at issue (see Henry v Kuveke, 9 AD3d 476, 479 [2004]; see also Gironda v Katzen, 19 AD3d 644, 645 [2005]), and conclusory and unsubstantiated claims of law office failure are insufficient (see Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]; Matter of ELRAC, Inc. v Holder, 31 AD3d 636, 636-637 [2006]; Matter of Denton v City of Mount Vernon, 30 AD3d 600, 601 [2006]). In addition, in a medical malpractice action, expert medical opinion evidence is required to demonstrate merit, except as to matters within the ordinary experience and knowledge of laypersons (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]).
The undetailed and uncorroborated claim of law office failure *819 set forth by the plaintiffs attorney, and the unsubstantiated claim that he left the country to assist his injured sister, did not amount to a justifiable excuse for the failure to comply with the certification order (see Lugauer v Forest City Ratner Co., 44 AD3d at 830; Matter of ELRAC, Inc. v Holder, 31 AD3d at 636-637) or for the delay of more than six months in moving to vacate the default judgment (see Bowman v Kusnick, 35 AD3d 643, 644 [2006]; Williams v Pratt Inst., 212 AD2d 692, 692 [1995]). Moreover, the plaintiff failed to demonstrate the existence of a potentially meritorious cause of action (see Orphan v Pilnik, 15 NY3d 907, 908 [2010]; Belak-Redl v Bollengier, 74 AD3d 1110, 1111 [2010]; Behar v Coren, 21 AD3d 1045, 1047 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs motion, inter alia, in effect, to vacate the judgment dismissing the complaint pursuant to CPLR 3216. Rivera, J.E, Florio, Dickerson, Leventhal and Lott, JJ., concur.