■ In the Matter of FRANCES A. KNAPP, Appellant, v ERIK J. HAIGHT, Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of ERIK HAIGHT, Respondent, v FRAN KNAPP, Appellant, et al., Respondent. (Proceeding No. 2.) [10 NYS3d 139]—

In two related proceedings pursuant to CPLR article 78, the appeal is from an order of the Supreme Court, Dutchess County (DiBella, J.), dated May 22, 2013, which, inter alia, denied the motion of Frances A. Knapp in proceeding No. 1 and Fran Knapp in proceeding No. 2 to hold Erik J. Haight in civil and criminal contempt pursuant to Judiciary Law §§ 751 and 753.

Motion by Erik J. Haight, inter alia, to dismiss the appeal and to impose sanctions upon Frances A. Knapp. By decision and order on motion of this Court dated April 1, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is granted, and the motion is otherwise denied; and it is further,

Ordered that the appeal is dismissed, without costs or disbursements.

The first of the two underlying CPLR article 78 proceedings was commenced by Frances A. Knapp, in her capacity as Dutchess County Democratic Elections Commissioner (*see generally Matter of Graziano v County of Albany*, 3 NY3d 475, 480 [2004]), against Erik J. Haight. The second underlying proceeding was commenced by Haight against Knapp. After the proceedings were settled, Knapp moved to hold Haight in civil and criminal contempt pursuant to Judiciary Law §§ 751 and 753, alleging that he had violated the parties' so-ordered stipulation of settlement. In an order dated May 22, 2013, the Supreme Court denied Knapp's motion, and Knapp appeals.

During the pendency of this appeal, Knapp was removed from office. Haight now moves to dismiss the appeal based upon, among other things, the failure to timely substitute a successor official pursuant to CPLR 1021. Haight also seeks additional relief, including the imposition of sanctions upon Knapp for frivolous conduct in the prosecution of the appeal.

Knapp's capacity and standing to commence this proceeding arose from her official status. Since Knapp was removed from office, she is not the proper party to maintain this appeal, and no motion pursuant to CPLR 1019 to substitute a successor official as the appellant has been made. Although in opposition to the motion to dismiss Knapp requests leave to make such a motion, in light of the delay of more than one year in seeking substitution, the failure to demonstrate a reasonable excuse for the delay, the failure to show that the appeal is potentially meritorious, and the prejudice to Haight that would result from the belated substitution, we decline to grant that request and we grant that branch of Haight's motion which is to dismiss the appeal pursuant to CPLR 1021 (*see* CPLR 1021; *Riedel v Kapoor*, 123 AD3d 996 [2014]; *Terpis v Regal Hgts. Re-*

*habilitation & Health Care Ctr., Inc.*, 108 AD3d 618 [2013]; *Sanders v New York City Hous. Auth.*, 85 AD3d 1005 [2011]).

We decline Haight's further requests for relief, including the imposition of a sanction upon Knapp for allegedly frivolous conduct on the appeal (*see* 22 NYCRR 130-1.1). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.