Premier Surgical Services, P.C., as Assignee of Andradis Agramonte, Reid Belteshazzar, Rafael Hernandez, Yusif Khairov, Zhang Wei Wei, Chantal Saba, Soraya Sicard, Jose Ramirez-Vicioso, Respondent, 
against
Allstate Ins. Co., Appellant.




Law Offices of Peter C. Merani, P.C. (Eric M. Wahrburg, Esq.), for appellant.
Zara Javakov, P.C. (Zara Javakov, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered February 8, 2016. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion to vacate a default judgment entered upon its failure to appear or answer. 
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904 [2008]), and a court, in its discretion, may accept a claim of law office failure as an excuse (see CPLR 2005; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d at 904; Papandrea v Acevedo, 54 AD3d 915 [2008]). The affirmation submitted by defendant's attorney in support of the motion did not provide a "detailed and credible" explanation of the law office failure that had caused the default (see Estrada v Selman, 130 AD3d 562, 562-563 [2015]; Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, [*2]1023 [2009]; Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 433 [2004]). Consequently, defendant's conclusory claim of law office failure did not rise to the level of a reasonable excuse (see Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d at 1023; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d at 904; Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 784 [2008]; Piton v Cribb, 38 AD3d 741, 742 [2007]; Matter of ELRAC, Inc. v Holder, 31 AD3d 636, 637 [2006]). In view of the foregoing, it is unnecessary to consider whether defendant demonstrated a meritorious defense to the action (see Levi v Levi, 46 AD3d 519, 520 [2007]). Consequently, the Civil Court did not improvidently exercise its discretion in denying defendant's motion (see Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d at 784; Piton v Cribb, 38 AD3d at 742).
We note that, at oral argument, defendant=s attorney asserted that plaintiff had improperly served the summons and complaint on defendant at its Long Island office. However, since this argument was not raised in defendant=s brief, we decline to address it on appeal (see Pellescki v City of Rochester, 198 AD2d 762, 763 [1993]; see also McHale v Anthony, 41 AD3d 265, 266-267 [2007]; Crown Asset Mgt., LLC v Ferreri, 48 Misc 3d 132[A], 2015 NY Slip Op 51064[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 23, 2018