Brasil-Puello v Weisman (2022 NY Slip Op 04893)

Brasil-Puello v Weisman

2022 NY Slip Op 04893

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2021-05040
 (Index No. 52053/19)

[*1]Carla Brasil-Puello, appellant, 
v
Sally Weisman, etc., respondent.

Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated June 30, 2021. The order, insofar as appealed from, granted the defendant's motion to vacate the note of issue and certificate of readiness and to compel the plaintiff to provide additional discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion to vacate the note of issue and certificate of readiness and to compel the plaintiff to provide additional discovery is denied.
The Supreme Court erred in granting the defendant's motion to vacate the note of issue and certificate of readiness and to compel the plaintiff to provide additional discovery. "While a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages, such a defendant is not entitled to any further discovery since its answer was stricken" (Amato v Fast Repair, Inc., 15 AD3d 429, 430 [citations omitted]; see Hall v Penas, 5 AD3d 549, 550). Here, since the court struck the defendant's answer in an order dated December 2, 2019, the defendant "is not entitled to any further discovery" (Hall v Penas, 5 AD3d at 550; see Amato v Fast Repair, Inc., 15 AD3d at 430; Wexler v Malpeso, 251 AD2d 49).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court