■ DONNA J. YULE, Respondent, v JOHN T. COMERFORD et al., Appellants. ▬▬▬▬ Memorandum: Defendants moved to dismiss the complaint alleging medical malpractice because of plaintiff's failure to comply with their CPLR 3216 demand to file a note of issue. In response to the motion, plaintiff failed to submit an affidavit of merit. The court granted the motion conditionally, giving plaintiff an additional 90 days to comply with the demand, and stating that it would not insist upon an affidavit of merit because plaintiff was representing herself in the action. This was error.

"[I]n defending a proper motion to dismiss for neglect it is essential that plaintiff supply an affidavit of merits. Such affidavit, by the party or another person with knowledge of the facts, must contain evidentiary facts establishing that plaintiff has a viable cause of action. It must be as good as the kind of affidavit which could defeat a motion for summary

judgment on the ground that there is no issue of fact" *(Sortino v Fisher,* 20 AD2d 25, 31-32). We know of no rule of law which would excuse a *pro se* litigant from compliance with procedural or other rules designed for the orderly conduct of an action. (Appeal from order of Supreme Court, Onondaga County, Balio, J.—dismiss complaint.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.