■ JOHN HARRISON, Respondent, v PAUL RUBENFELD, Appellant. [621 NYS2d 648] —In a replevin action, inter alia, to recover property from a bailee, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Yachnin, J.), entered July 7, 1993, as, after a nonjury trial, is in favor of the plaintiff and against him dismissing his second, third, and fourth counterclaims.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which dismissed the defendant's fourth counterclaim and substituting therefor a

provision granting judgment in his favor on the fourth counterclaim; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination as to the amount of storage fees to which the defendant is entitled.

The Supreme Court properly determined that the defendant is not entitled to recover the costs of the repairs he made to the plaintiff's vehicle because there was no valid agreement between the parties for the performance of the repairs (see, General Motors Acceptance Corp. v Chase Collision, 140 Misc 2d 1083; see also, 21 NY Jur 2d, Contracts, § 9, at 418-419; 1 Williston, Contracts § 1, at 2 [3d ed 1957]). In this regard, we note that the trial court's factual findings and credibility determinations are entitled to great deference on appeal, and we discern no basis in the present record for disturbing them (see, Buckenberger v Clark Constr. Corp., 208 AD2d 790).

However, we conclude that the defendant is entitled to recover storage fees from the date the vehicle was towed to his establishment until the date that the plaintiff formally demanded the release of the vehicle (see, 9 NY Jur 2d, Bailments and Chattel Leases, § 141, at 171). Accordingly, we remit the matter to the Supreme Court for a determination regarding the amount of storage fees to which the defendant is entitled.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Hart and Friedmann, JJ., concur.