■ SEMYON OLSHANSKY et al., Appellants, v LUTHERAN MEDICAL CENTER et al., Respondents. [622 NYS2d 82] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated March 22, 1993, as denied their motion to vacate the defendants' demands to serve and file a note of issue and granted the defendants' cross motions pursuant to CPLR 3216 to dismiss the complaint for want of prosecution.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

After a series of defaults by the plaintiffs in complying with the defendants' discovery demands, the defendants, on January 22, 1992, and on January 29, 1992, served demands pursuant to CPLR 3216 to serve and file a note of issue. In response, the plaintiffs made no genuine attempt to comply

with their own outstanding discovery obligations, but rather, approximately one month later, they served notices to depose the defendants. The plaintiffs then waited another month before contacting the defendants. The defendants refused to comply with the plaintiffs' discovery demands unless the plaintiffs first satisfied their own prior discovery obligations, which included depositions. The plaintiffs then moved by order to show cause dated April 2, 1992, to vacate the defendants' demands to serve and file a note of issue, and the defendants cross-moved to dismiss the complaint.

In support of their motion and in opposition to the defendants' cross motions, the plaintiffs neither explained their defaults nor offered to cure them. Instead, they attributed their failure to file a note of issue to the outstanding depositions of the defendants. The plaintiffs' neglect should not be condoned. The plaintiffs did not proceed diligently to satisfy their own discovery obligations after service of the defendants' demands to serve and file a note of issue. By serving the defendants with notices to depose them, the plaintiffs improperly attempted to circumvent the normal discovery priorities (see generally, CPLR 3106; NOPA Realty Corp. v Central Caterers, 91 AD2d 991), which were ratified by various discovery orders directed at the plaintiffs.

Because the plaintiffs failed to explain their own neglect or to indicate that they were prepared to meet all of their own discovery obligations within 90 days after the defendants' demand to serve and file a note of issue (see, CPLR 3216), or within any other period for that matter, the Supreme Court properly rejected their contention that they had failed to file a note of issue because the defendants had not yet been deposed. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.