■ LINDA ALLONE, Appellant, v UNIVERSITY HOSPITAL OF NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents. [671 NYS2d 500] —In a medical malpractice action, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Patterson, J.), dated December 10, 1996, (2) an order of the same court, dated January 15, 1997, granting the defendants' respective motions to dismiss the plaintiff's complaint for failure to prosecute, and (3) a judgment of the same court, entered February 19, 1997, upon the order, which dismissed the complaint.

Ordered that the appeal from the decision is dismissed, as

no appeal lies from a decision (*see, Ojeda v Metropolitan Playhouse,* 120 AD2d 717; *Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The instant medical malpractice action was commenced in May 1988. After issue had been joined and depositions of the defendants completed in November 1991, 90-day demands pursuant to CPLR 3216 were served on the plaintiff on July 31, 1992, September 28, 1992, and November 2, 1992. It is undisputed that a note of issue was not filed within the applicable time periods nor was an application ever made by the plaintiff to vacate the demands or to extend the time to file the note of issue.

In August 1994 the defendants moved to dismiss the complaint for failure to prosecute the action. The court subsequently issued two conditional orders granting the defendants' motions to dismiss the complaint unless the plaintiff complied with the defendants' discovery demands, including several physical examinations. The plaintiff failed to timely comply with the conditional orders. On May 31, 1995, the parties stipulated that discovery was completed and that the plaintiff "may" file a note of issue.

Thereafter, in January 1996 the Supreme Court denied the defendants' motion and cross motion for summary judgment. In May 1996 two of the defendants moved to dismiss the complaint based upon the plaintiff's failure to prosecute the action. The remaining defendants subsequently moved for similar relief. The Supreme Court granted the defendants' respective motions and dismissed the complaint. We affirm.

Where a party is served with a 90-day notice pursuant to CPLR 3216 and fails to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or extend the 90-day period (*see, Hayden v Jones,* 244 AD2d 316; *Rubin v Baglio,* 234 AD2d 534; *Lopez v Path-*

*mark Supermarket,* 229 AD2d 566; *Spierto v Pennisi,* 223 AD2d 537, 548), that party must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see,* CPLR 3216 [e]; *Hayden v Jones, supra; Turman v Amity OBG Assocs.,* 170 AD2d 668; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553).

Here, the plaintiff failed to provide a justifiable explanation for the lengthy delay. Instead, the plaintiff pointed to the fact that the defendants had continued to seek discovery after having filed their 90-day demands. Contrary to the plaintiff's contention, the 90-day demands were not abandoned or waived by the defendants' requests for further discovery (*see, Baxt v Cohen,* 96 AD2d 661; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:17, at 646). Nor were the defendants required to serve new 90-day demands on the plaintiff before making their second motion to dismiss the action, where, as here, the defendants' first motion had previously been conditionally granted (*cf., Shickler v Nassau Trust Co.,* 111 AD2d 800; *Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075). Further, once discovery was complete, the plaintiff persisted in her neglect of the action and waited over a year thereafter to file a note of issue. Under these circumstances, the Supreme Court providently exercised its discretion in granting the defendants' motions to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.