■ GEORGE LEVIN et al., Respondent, v SOL LEVIN, Appellant. [682 NYS2d 92] —In an action, inter alia, for an accounting, the defendant appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated June 23, 1997, which, inter alia, denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3216 is granted, and the complaint is dismissed.

Having been served with a 90-day notice pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply therewith by filing a note of issue or by moving before the default date to either vacate the notice or to extend the 90-day period (*see, Rubin v Baglio*, 234 AD2d 534; *Lopez v Pathmark Supermarket*, 229 AD2d 566; *Spierto v Pennisi*, 223 AD2d 537). The plaintiff failed to do so. Accordingly, to avoid dismissal, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see*, CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552).

The only excuse proffered by the plaintiff for his failure to file a note of issue was that "discovery was not complete". However, the plaintiff failed to explain his own neglect in complying with his outstanding discovery obligations (*see*, *Olshansky v Lutheran Med. Ctr.*, 211 AD2d 772; *Turman v Amity OBG Assocs.*, 170 AD2d 668; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552, 553, *supra*). Since the plaintiff failed to demonstrate a justifiable excuse for his failure to prosecute, the complaint must be dismissed. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.