■ BRANDON CANGEMI et al., Respondents, v RYAN CASSIDY, Appellant, et al., Defendant. [699 NYS2d 910] —In an action to recover damages for personal injuries, etc., the defendant Ryan Cassidy appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 13, 1999, which denied his motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3216.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

It is well settled that when a party is served with a 90-day notice pursuant to CPLR 3216 and fails to comply with the notice by either filing a note of issue or moving, before the default date, to vacate the notice or extend the 90-day period, that party must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see,* CPLR 3216 [e]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547; *Allone v University Hosp.,* 249 AD2d 430; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553). Since the plaintiffs failed to comply with the Supreme Court's certification order, which adequately placed them on notice that the failure to file a note of issue

within 90 days would serve as a basis for dismissal pursuant to CPLR 3216 (*see, Spilky v TRW, Inc.,* 225 AD2d 539), and since they did not move either to vacate the notice or extend the 90-day period, the plaintiffs were required to demonstrate a justifiable excuse and a meritorious cause of action. The plaintiffs failed to demonstrate either and, thus, the motion by the defendant Cassidy to dismiss the complaint insofar as asserted against him should have been granted. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.