■ DEBBIE COHEN, Respondent, v MATTHEW SILVERMAN et al., Defendants, and NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [722 NYS2d 48] —In an action to recover damages for medical malpractice, the defendants North Shore University Hospital and Brookdale Hospital Medical Center separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated December 10, 1999, as denied their separate motions to dismiss the action insofar as asserted against them, on the ground that the plaintiff failed to timely serve and file a note of issue and statement of readiness as required by their respective 90-day notices, and granted the plaintiff's cross motions to vacate those notices and for leave to file a late notice of medical malpractice, and the defendant Sanjeev Rajpal, s/h/a "John" Rajpaul appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was to dismiss the action insofar as asserted against him on the ground that the plaintiff failed to timely serve and file her note of issue in response to the 90-day notice of the defendant North Shore University Hospital.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motions of the defendant North Shore University Hospital and the defendant Brookdale Hospital Medical Center and granting the plaintiff's cross motions, and substituting therefor provisions granting the motions of those defendants and denying the plaintiff's cross mo-

tions; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendants North Shore University Hospital and Brookdale Hospital Medical Center.

The defendants North Shore University Hospital (hereinafter North Shore) and Brookdale Hospital Medical Center (hereinafter Brookdale) each served the plaintiff, pursuant to CPLR 3216, with 90-day notices, dated January 7, 1999, and January 25, 1999, respectively. After the 90-day periods expired, North Shore and Brookdale separately moved to dismiss the action insofar as asserted against them. The Supreme Court, *inter alia*, denied those motions and granted the plaintiff's cross motions to vacate the notices. This was error.

The plaintiff failed to move either to vacate the notices, or extend her time to comply with them within the proper time period. Thus, in order to avoid dismissal of her claim insofar as asserted against those defendants, the plaintiff was required to demonstrate the existence of a justifiable excuse for her default, as well as the existence of a meritorious cause of action (*see, Allone v University Hosp.*, 249 AD2d 430). She failed to do so.

The plaintiff's contention that she demonstrated a justifiable excuse for her delay by showing that in 1997 she served bills of particulars and authorizations for medical records, and sought a preliminary conference after service upon her of the two 90-day notices, is without merit. Furthermore, the plaintiff's contention that the delay was caused at least in part by the actions of the defendant Dr. Matthew Silverman is unsupported by the record (*cf., Matter of Simmons v McSimmons, Inc.*, 261 AD2d 547).

The plaintiff also failed to show the existence of a meritorious cause of action. We reject her contention that considering the nature of her injuries, the submission of her own affidavits was sufficient to show the existence of a meritorious case against North Shore and Brookdale. The plaintiff failed to attribute any subsequent specific actions or results to North Shore and/or Brookdale. Rather, it appears that her injuries could have resulted from an improperly performed hysterectomy by the defaulting defendant, Dr. Silverman. Under these circumstances, while her affidavit might have been sufficient to demonstrate the existence of a meritorious case as to Dr. Silverman, it was insufficient as to North Shore or Brookdale (*see generally, Mosberg v Elahi*, 80 NY2d 941; *Burke v Klein*, 269 AD2d 348).

The contention of the defendant Sanjeev Rajpal, s/h/a "John" Rajpaul, that he is also entitled to dismissal of the complaint insofar as asserted against him based upon the plaintiff's fail-

ure to serve and file a note of issue in response to North Shore's 90-day notice must be rejected. There is no proof in the record that Rajpal served such a notice, a prerequisite to dismissal pursuant to CPLR 3216 (*see, Ubriaco v Mather Mem. Hosp.,* 209 AD2d 404). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.