■ BETH GOLDBERG et al., Respondents, v THOMAS TUNSTALL et al., Appellants. [744 NYS2d 331] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered July 25, 2001, which, in effect, denied their motion pursuant to CPLR 3216 to dismiss the complaint for lack of prosecution.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court's certification order dated March 30, 2000, had the same effect as a duly served 90-day notice (*see Doyle v South Nassau Communities Hosp.,* 270 AD2d 225). To avoid a default pursuant to CPLR 3216, the plaintiffs were required to comply with the notice by timely filing a note of issue or by moving, before the expiration of the 90-day period, either to vacate the notice or extend the 90-day period (*see Rubin v Baglio,* 234 AD2d 534; *Lopez v Pathmark Supermarket,* 229 AD2d 566). Having failed to comply, the plaintiffs could avoid dismissal only by establishing a justifiable excuse for their delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Werbin v Locicero,* 287 AD2d 617).

Here, the plaintiffs demonstrated neither a justifiable excuse for their delay (*see Levin v Levin,* 256 AD2d 447; *Olshansky v Lutheran Med. Ctr.,* 211 AD2d 772) nor the existence of a meritorious cause of action (*see Hogan v City of Kingston,* 243 AD2d 981; *Rowley v Carl Zeiss, Inc.,* 270 AD2d 835; *Keating v Smith,* 20 AD2d 141). Accordingly, the Supreme Court erred in denying the defendants' motion to dismiss the complaint. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.