■ Carl Mirabile et al., Respondents, v Good Samaritan Hospital and Medical Center et al., Appellants. [761 NYS2d 483] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 30, 2002, which denied their separate motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed, with one bill of costs.

The defendant Good Samaritan Hospital and Medical Center failed to prove that it served the plaintiffs with a written demand requesting them to resume prosecution of the action and to serve and file a note of issue within 90 days. As such, the Supreme Court properly denied its motion to dismiss pursuant to CPLR 3216 (see CPLR 3216 [b]).

Although the defendant Anthony Baratta demonstrated that he properly served the plaintiffs with a 90-day notice pursuant to CPLR 3216, the Supreme Court properly denied his motion. Where a party is served with a 90-day notice pursuant to CPLR 3216 and fails to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period, that party must demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (see Allone v University Hosp. of N.Y. Univ. Med. Ctr., 249 AD2d 430 [1998]; Papadopoulas v R.B. Supply Corp., 152 AD2d 552 [1989]). The plaintiff demonstrated a justifiable excuse for the delay and a meritorious cause of action. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.