■ VERA M. WALTERS et al., Respondents, v HOBOKEN WOOD FLOORING CORP. et al., Appellants. (And a Third-Party Action.) [775 NYS2d 158]—

In an action to recover damages for personal injuries, etc., the defendants Hoboken Wood Flooring Corp. and Structure Tone, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 7, 2002, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Hoboken Wood Flooring Corp. to dismiss the complaint insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Hoboken Wood Flooring Corp., payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendant Structure Tone, Inc., the complaint is dismissed insofar as asserted against the defendant Hoboken Wood Flooring Corp., and the action against the remaining defendant is severed.

Upon receipt of a 90-day notice pursuant to CPLR 3216, a plaintiff is required either to file a note of issue within 90 days or move before the default date for an extension of time within which to comply (*see Estate of Hamilton v Nassau Suffolk Home Health Care,* 1 AD3d 474 [2003]; *Cohen v Silverman,* 281 AD2d 445 [2001]; *Cangemi v Cassidy,* 267 AD2d 344 [1999]; *Allone v University Hosp. of N.Y. Univ. Med. Ctr.,* 249 AD2d 430 [1998]).

Since the plaintiffs failed to file a note of issue within the 90-day period pursuant to the 90-day demand served by the defendant Hoboken Wood Flooring Corp., they were required to demonstrate both the existence of a justifiable excuse for their default and a meritorious cause of action (*see* CPLR 3216 [3]; *Estate of Hamilton v Nassau Suffolk Home Health Care, supra; Cohen v Silverman, supra; Cangemi v Cassidy, supra; Allone v University Hosp. of N.Y. Univ. Med. Ctr., supra*).

The Supreme Court erred in denying Hoboken's motion to dismiss the complaint insofar as asserted against it since the plaintiffs failed to demonstrate both the existence of a justifiable excuse for their default and a meritorious cause of action (*see Cangemi v Cassidy, supra*).

Although the Supreme Court did not state its reason for denying the respective motions to dismiss the complaint, denial of the motion of the defendant Structure Tone, Inc., was proper, as that defendant did not serve a 90-day notice pursuant to CPLR 3216 (*see* CPLR 3216 [b] [3]; *Cohen v Silverman, supra* at 446-447; *Ubriaco v Mather Mem. Hosp.,* 209 AD2d 404 [1994]; *Juracka v Ferrara,* 137 AD2d 921, 923 [1988]; *Fichera v City of New York,* 79 AD2d 597 [1980]).

The plaintiffs' remaining contentions either are improperly raised for the first time on appeal or are without merit. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.