■ MELVYN DEVORE, Appellant, v GILBERT S. LEDERMAN et al., Respondents. [789 NYS2d 507]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated January 27, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the 90-day notice dated November 19, 2001, served by the defendants on the plaintiff properly conformed to the provisions of CPLR 3216 (*cf. Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902 [1987]; *Schuering v Stella,* 243 AD2d 623, 624 [1997]). Furthermore, the additional language contained in the notice demanding that the plaintiff comply with all previous discovery demands did not render the 90-day notice null and void nor did it exceed the scope of the statute since both parties had the right to conduct further discovery even after the 90-day notice was served (*see Allone v*

*University Hosp. of N.Y. Univ. Med. Ctr.*, 249 AD2d 430, 432 [1998]; *Baxt v Cohen*, 96 AD2d 661 [1983]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:22).

Having been served with a 90-day notice pursuant to CPLR 3216 and having failed to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see Walters v Hoboken Wood Flooring Corp.*, 6 AD3d 696, 697 [2004]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]; *Hayden v Jones*, 244 AD2d 316, 317 [1997]). The plaintiff failed to do so. Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3216. H. Miller, J.P., Schmidt, Ritter, Crane and Skelos, JJ., concur.