■ YVONNE SHARPE, Respondent, v ROBERT OSORIO et al., Appellants. [800 NYS2d 213]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 22, 2004, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3216 for want of prosecution, and (2) so much of an order of the same court dated December 10, 2004, as, upon renewal, in effect, adhered to the original determination.

Ordered that the order dated October 22, 2004, is reversed insofar as appealed from, on the law, the order dated December 10, 2004, is vacated, and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3216 for want of prosecution is granted; and it is further,

Ordered that the appeal from the order dated December 10, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Having been served with a 90-day notice pursuant to CPLR 3216, the plaintiff was required to file a note of issue in compliance with the notice or move, before the default date, either to vacate the notice or to extend the 90-day period (see *DeVore v Lederman,* 14 AD3d 648, 649 [2005]; *Walters v Hoboken Wood Flooring Corp.,* 6 AD3d 696, 697 [2004]; *Estate of Hamilton. v Nassau Suffolk Home Health Care,* 1 AD3d 474 [2003]). The plaintiff did neither. Thus, in order to avoid dismissal, she was required to provide a justifiable excuse for her delay and to demonstrate a meritorious cause of action (see CPLR 3216 [e]; *Estate of Hamilton v Nassau Suffolk Home Health Care, supra*; *Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617, 618 [2001]). Again, the plaintiff did neither. The plaintiff failed to provide a justifiable excuse for the extensive delay in prosecuting this action and her submission included neither a showing of merit with respect to liability by one with personal knowledge of the facts, as it must (see *Garcia v Roopnarine,* 18 AD3d 607 [2005]; *Tietz v Blatt,* 280 AD2d 469 [2001]; *Duqmaq v Stewart,* 137 AD2d 653 [1988]), nor evidentiary proof that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident, as is required (see *Uddin v Mirza,* 10 AD3d 722 [2004]; *LaMacchia v Rogers,* 8 AD3d 346 [2004]; *Gache v Incorporated Vil. of Freeport,* 202 AD2d 470 [1994]). Accordingly, the defendants' motion to dismiss the complaint pursuant to CPLR 3216 should have been granted. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.