■ CAROL KOEHLER, Appellant-Respondent, v SEI YOUNG CHOI, Respondent-Appellant, and FAMILY SERVICES, INC., Respondent. [854 NYS2d 726]—

The defendant Family Services, Inc. (hereinafter Family Services), served the plaintiff, pursuant to CPLR 3216, with a 90-day notice dated October 17, 2006, which the plaintiff received on October 18, 2006. The defendant Sei Young Choi did not serve his own 90-day notice. After the 90-day period for serving and filing a note of issue had expired, Family Services and Sei Young Choi separately moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them. In response, the plaintiff cross-moved to extend her time to serve and file a note of issue. The Supreme Court granted Family Services's motion but, among other things, denied that branch of Choi's motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him. The court granted the plaintiff's cross motion to extend the time to serve and file a note of issue.

The plaintiff failed to file a note of issue or to move, before the default date, to vacate the 90-day notice or to extend the 90-day period for service and filing of a note of issue. She failed to demonstrate either a justifiable excuse for the delay in complying with the 90-day notice or a meritorious cause of action insofar as asserted against Family Services—the party which served the notice (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499 [1997]; *Zito v Jastremski,* 35 AD3d 458 [2006]). The plaintiff's only excuse, that discovery had not been completed, was insufficient, since she failed to adequately explain her own neglect in complying with her outstanding discovery obligations (*see Levin v Levin,* 256 AD2d 447, 448 [1998]; *Olshansky v Lutheran Med. Ctr.,* 211 AD2d 772, 773 [1995]). Furthermore, the conclusory allegations contained in the verified complaint and the plaintiff's affidavit were insufficient to show a meritorious cause of action insofar as asserted against Family Services (*see Lugauer v Forest City Ratner Co.,* 44 AD3d 829, 830 [2007]; *Carnegie v J.P. Phillips, Inc.,* 28 AD3d 599, 600 [2006]). Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the motion of Family Services to dismiss the complaint insofar as asserted against it for failure to prosecute, upon finding that the plaintiff failed to comply with the 90-day notice.

Since Choi did not serve his own 90-day notice, the Supreme Court properly denied that branch of his separate motion which was to dismiss the complaint insofar as asserted against him for the plaintiff's failure to comply with the 90-day notice served by Family Services (*see* CPLR 3216 [b] [3]; *Walters v Hoboken Wood*

*Flooring Corp.*, 6 AD3d 696, 697 [2004]; *Cohen v Silverman*, 281 AD2d 445, 446-447 [2001]; *Ubriaco v Mather Mem. Hosp.*, 209 AD2d 404 [1994]).

The parties' remaining contentions are without merit. Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.