■ GARY DAVIS, Respondent, v CARDIOVASCULAR CONSULTANTS OF LONG ISLAND, P.C., et al., Appellants, et al., Defendants. [886 NYS2d 61]—

In an action to recover damages for medical malpractice, etc., the defendants Cardiovascular Consultants of Long Island, P.C., Alan B. Cohen, Bruce M. Decter, and David A. Hess appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (Mahon, J.), entered November 12, 2008, as granted that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216.

Ordered that the amended order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 is denied.

An order entered November 7, 2007, which warned the plaintiff that the failure to serve and file a note of issue would result in dismissal of the action, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Huger v Cushman & Wakefield, Inc.,* 58 AD3d 682 [2009]; *Benitez v Mutual of Am. Life Ins. Co.,* 24 AD3d 708 [2005]; *Giannoccoli v One Cent. Park*

*W. Assoc.,* 15 AD3d 348 [2005]; *Betty v City of New York,* 12 AD3d 472 [2004]). Having received a 90-day notice, the plaintiff was required either to file a timely note of issue or to move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Benitez v Mutual of Am. Life Ins. Co.,* 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.,* 4 AD3d 381 [2004]; *McKinney v Corby,* 295 AD2d 580, 581 [2002]). The plaintiff did neither, and the action was subsequently dismissed pursuant to CPLR 3216.

To vacate the dismissal of an action pursuant to CPLR 3216, a plaintiff must demonstrate both a reasonable excuse for the default in· complying with the 90-day notice and a meritorious cause of action (*see* CPLR 3216 [e]; *Felix v County of Nassau,* 52 AD3d 653 [2008]; *Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d 783 [2008]). Here, the plaintiff failed to submit any expert medical opinion evidence to demonstrate the merit of his medical malpractice action (*see Mosberg v Elahi,* 80 NY2d 941, 942 [1992]; *Fiore v Galang,* 64 NY2d 999, 1000-1001 [1985]; *Salch v Paratore,* 60 NY2d 851, 852 [1983]; *Picot v City of New York,* 50 AD3d 757 [2008]; *Burke v Klein,* 269 AD2d 348, 348-349 [2000]; *Abelard v Interfaith Med. Ctr.,* 202 AD2d 615, 616 [1994]; *Feinblum v Dybner,* 197 AD2d 560 [1993]). Accordingly, that branch of his motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 should have been denied. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.