■ SHILYA SHCHERBINA, Respondent, v QUEENS NASSAU NURSING HOME, INC., Appellant. [886 NYS2d 620]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated October 28, 2008, as granted that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar is denied.

In a compliance conference order dated April 1, 2003, the Supreme Court directed the plaintiff to file a note of issue on or before July 1, 2003, and warned that the action would be dismissed if the plaintiff failed to comply. Counsel for the plaintiff signed the order. This order had the same effect as a 90-day notice pursuant to CPLR 3216 (see *Felix v County of Nassau*, 52 AD3d 653 [2008]; *Anjum v Karagoz*, 48 AD3d 605 [2008]; *Hoffman v Kessler*, 28 AD3d 718 [2006]). The plaintiff failed to comply with this order either by filing a timely note of issue or by moving to extend the period for doing so, and the action was properly dismissed pursuant to CPLR 3216 (see *Felix v County of Nassau*, 52 AD3d 653, 653-654 [2008]; *Anjum v Karagoz*, 48 AD3d 605 [2008]). Since the plaintiff waited three years to move to vacate the dismissal of the action, the motion was untimely and should have been denied (see *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.