[910 NYS2d 839]

Pama Wangyal Lama, Appellant, v Idris Mohammad et al., Respondents.

Supreme Court, Appellate Term, Second Department, October 1, 2010

## APPEARANCES OF COUNSEL

*Moshe D. Fuld, P.C.*, New York City (*Michael Reich* of counsel), for appellant. *Law Office of James J. Toomey*, New York City (*Evy L. Kazansky* of counsel), for Idris Mohammad, respondent. *James G. Bilello & Associates*, Westbury (*Tammy E. Skinner* of counsel), for Veronica Nesmith, respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is modified by vacating so much of the order as granted the cross motions by defendants Idris Mohammad and Veronica Nesmith to dismiss the complaint for want of prosecution, and by providing that said cross motions are denied; as so modified, the order is affirmed without costs.

This action seeking damages for serious injuries sustained in a motor vehicle accident was commenced in Supreme Court, Kings County, in July 2002. The case was transferred to the Civil Court pursuant to CPLR 325 (d) in January 2006, and was marked off the trial calendar in April 2007. In November 2007, defendants Alexander Hollis, Chantel Elaine Mayo and Veronica Nesmith served 90-day notices pursuant to CPLR 3216 (b) (3). A notice of trial was served in February 2008. In August 2008, defendants Hollis and Mayo moved to dismiss the complaint for want of prosecution and defendants Nesmith and Mohammad each cross-moved for the same relief. Plaintiff Lama submitted opposition to the motions wherein he requested that the case be restored to the calendar and for leave to file a notice of trial. By order entered March 19, 2009, the Civil Court granted the motion and cross motions, and denied plaintiff's request. The instant appeal by plaintiff ensued.

In regard to the motion by defendants Hollis and Mayo, it is uncontroverted that plaintiff was served with a 90-day notice pursuant to CPLR 3216 (b) (3) but failed to file a notice of trial within the 90-day period. Plaintiff did not move to vacate the 90-day notice or to extend this time period. In order to avoid dismissal, plaintiff was, thus, required to demonstrate both a justifiable excuse for the delay and a meritorious cause of action (*see* CPLR 3216 [e]; *Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Sharpe v Osorio*, 21 AD3d 467 [2005]), which he failed to do.

It is well settled that

"[t]here is an intimate relationship between the

> merit of an action and the fact that it has been ne-
> glected. It is for this reason that in defending a
> proper motion to dismiss for neglect it is essential
> that plaintiff supply an affidavit of merits. Such af-
> fidavit, by the party or another person with knowl-
> edge of the facts, must contain evidentiary facts
> establishing that plaintiff has a viable cause of ac-
> tion. It must be as good as the kind of affidavit
> which could defeat a motion for summary judgment
> on the ground that there is no issue of fact" (*Sortino
> v Fisher*, 20 AD2d 25, 31-32 [1963]; *see also Yule v
> Comerford*, 140 AD2d 981 [1988]; *Canter v Mulnick*,
> 93 AD2d 751 [1983]).

The existence of a serious injury is a necessary element of plaintiff's cause of action and, therefore, plaintiff erroneously contends that he did not need to provide any medical evidence to show the existence of such an injury. The affidavit submitted by plaintiff contains no evidentiary facts establishing that he has a viable cause of action and, clearly, it would have been insufficient to defeat a motion for summary judgment. Consequently, with respect to defendants Hollis and Mayo, since plaintiff failed to demonstrate both a meritorious cause of action and a justifiable excuse for the delay, so much of the order as granted said defendants' motion to dismiss is left undisturbed.

With respect to the cross motion by defendant Nesmith, it is uncontroverted that plaintiff had until February 15, 2008 to file a notice of trial. It is noted that the Civil Court's order, as well as defendants' motion papers, states, based on an eLaw printout, that plaintiff attempted to file a notice of trial on February 19, 2008, and said notice was rejected by the Civil Court clerk because the case had been marked off the calendar. However, in opposition to Nesmith's motion, plaintiff submitted a notice of trial which was stamped received by the clerk on February 13, 2008. In view of said fact, we find that Nesmith's cross motion to dismiss should have been denied.

With respect to the cross motion by defendant Mohammad, the record on appeal does not demonstrate that Mohammad served plaintiff with the requisite 90-day notice pursuant to CPLR 3216 (b) (3). In support of the cross motion, Mohammad merely incorporated the other defendants' motions by reference and made no specific factual allegations regarding service of the 90-day notice. Consequently, the cross motion by Mohammad to dismiss is denied (*see Bar-El v Key Food Stores Co., Inc.*, 11 AD3d 420 [2004]; *Walters v Hoboken Wood Flooring Corp.*, 6

AD3d 696, 697 [2004]). While, on appeal, Mohammad attempts to provide greater detail regarding service of the 90-day notice, this court, in reviewing the propriety of the Civil Court's order, cannot consider any matters that are dehors the record (*see Chimarios v Duhl*, 152 AD2d 508 [1989]; *Jerome Ave Condominium, Inc. v Ram*, 25 Misc 3d 130[A], 2009 NY Slip Op 52116[U] [App Term, 2d, 11th & 13th Jud Dists 2009]).

As plaintiff's request, set forth in his opposition papers, to restore the matter to the calendar was not made in the form of a proper motion, the Civil Court properly denied the request.

Accordingly, the order is modified by vacating so much of the order as granted the cross motions by defendants Idris Mohammad and Veronica Nesmith to dismiss the complaint for want of prosecution and by providing that said cross motions are denied.

PESCE, P.J., GOLIA and RIOS, JJ., concur.