■  RAYMOND FENNER, Respondent, v COUNTY OF NASSAU et al., Appellants. [914 NYS2d 653]—

In action to recover damages for personal injuries and wrongful death, etc., the defendants appeal from an order of the Supreme Court, Nassau County (LaMarca, J.), entered September 21, 2009, which granted the plaintiff's motion, inter alia, pursuant to CPLR 5015 (a) to vacate the dismissal of the complaint pursuant to CPLR 3216 and to restore the action to the pre-note of issue calendar.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion to vacate the dismissal of the complaint and to restore the action to the pre-note of issue calendar is denied.

The certification order of the Supreme Court dated February 19, 2008, directing the plaintiff to file a note of issue within 90 days, and warning that the complaint would be deemed dismissed without further order of the Supreme Court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Sicoli v Sasson*, 76 AD3d 1002 [2010]; *Rodriguez v Five Towns Nissan*, 69 AD3d 833 [2010]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]). Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (*see Sharpe v Osorio*, 21 AD3d 467, 468 [2005]; *DeVore v Lederman*, 14 AD3d 648, 649 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381, 382 [2004]). In light of the plaintiff's fail-

ure to do either, the complaint was properly dismissed pursuant to CPLR 3216 (*see Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d 783 [2008]).

To vacate the dismissal of the complaint, the plaintiff was required to demonstrate a justifiable excuse for his failure to comply with the certification order and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Rodriguez v Five Towns Nissan,* 69 AD3d at 834; *Davis v Cardiovascular Consultants of Long Is., P.C.,* 65 AD3d 1076, 1077 [2009]; *Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d 783 [2008]).

In support of his motion, the plaintiff failed to proffer any excuse for his failure to comply with the certification order. The excuse of law office failure proffered by the plaintiff's attorney for the first time in a reply affirmation was not properly before the Supreme Court (*see* CPLR 2214; *47 Thames Realty, LLC v Robinson,* 61 AD3d 923, 924 [2009]; *Murray v New York City Health & Hosps. Corp.,* 52 AD3d 792, 794 [2008]; *Levine v Forgotson's Cent. Auto & Elec., Inc.,* 41 AD3d 552, 553 [2007]). Moreover, the conclusory and unsubstantiated claim of law office failure did not rise to the level of a reasonable excuse (*see Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d at 784; *Matter of Bloom v Lubow,* 45 AD3d 680 [2007]; *Lugauer v Forest City Ratner Co.,* 44 AD3d 829, 830 [2007]). Furthermore, the plaintiff's motion papers failed to establish the existence of a potentially meritorious cause of action (*see Dixon v Village of Spring Val.,* 50 AD3d 943 [2008]; *Apostolakis v Centereach Fire Dist.,* 300 AD2d 516 [2002]; *Sandstrom v Rodriguez,* 221 AD2d 513 [1995]).

Accordingly, the plaintiff's motion to vacate the dismissal of the complaint pursuant to CPLR 3216 and to restore the action to the pre-note of issue calendar should have been denied. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.