■ M.V.B. Collision, Inc., Doing Business as Mid Island Collision, Appellant, v Mike Berman, Respondent. [926 NYS2d 321]—

The certification order of the Supreme Court dated March 17, 2010, directing the plaintiff to file a note of issue within 90 days, and warning that the action would be deemed dismissed without further order of the Supreme Court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Fenner v County of Nassau*, 80 AD3d 555 [2011]; *Sicoli v Sasson*, 76 AD3d 1002, 1003 [2010]; *Rodriguez v Five Towns Nissan*, 69 AD3d 833, 834 [2010]). Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (*see Fenner v County of Nassau*, 80 AD3d at 555; *Felix v County of Nassau*, 52 AD3d 653, 653-654 [2008]; *Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348, 348-349 [2005]). In light of the plaintiff's failure to do either, the action was properly dismissed pursuant to CPLR 3216 (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]).

To vacate the dismissal of the action, the plaintiff was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *see Fenner v County of Nassau*, 80 AD3d at 556; *Lauri v Freeport Union Free School Dist.*, 78 AD3d 1130 [2010]). The plaintiff failed to establish that the only cause of action remaining in this case, which was to recover damages for breach of contract, was potentially meritorious (*see Matter of Hall v Barnes*, 225 AD2d 837, 838 [1996]; *Harrison v Rubenfeld*, 211 AD2d 698, 699 [1995]; *General Motors Acceptance Corp. v Chase Collision,*

140 Misc 2d 1083, 1086 [1988]; *Campbell v WABC Towing Corp.*, 78 Misc 2d 671, 674 [1974]). Accordingly, the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216 and for leave to file a note of issue was properly denied. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.