■ VON WALKER et al., Appellants, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [928 NYS2d 862]—

Contrary to the plaintiffs' contentions, the Supreme Court providently exercised its discretion in denying their motion, inter alia, to vacate the dismissal of the action pursuant to CPLR 3216 on January 31, 2006, after the service by the defendants upon the plaintiffs in March 2005 of separate 90-day notices to resume prosecution, one of which was filed with the Supreme Court.

Pursuant to CPLR 3216 (e), the Supreme Court, on its own initiative, following the service of a 90-day notice to resume prosecution, can dismiss an action unless the party upon whom the resumption of prosecution was demanded shows a justifiable excuse for the delay and "a good and meritorious cause of action." Here, the record establishes that the Supreme Court dismissed the action pursuant to CPLR 3216 (e) on its own initiative following service of the 90-day notices.

Since the plaintiffs failed to timely file a note of issue, or move to vacate the notice or to extend the 90-day period in response to the notices, it was incumbent upon them to establish both a reasonable excuse for their delay in responding to the notices and that they had a potentially meritorious cause of action (*see* CPLR 3216 [e]; *M.V.B. Collision, Inc. v Berman*, 86 AD3d 534 [2011]; *Sanders v New York City Hous. Auth.*, 85 AD3d 1005 [2011]; *Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]; *Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021 [2009]). As the plaintiffs did not provide any excuse to explain their failure to act upon being served with the 90-day notices in March 2005, the Supreme Court properly denied the plaintiffs' motion to vacate the dismissal of the action on that basis, to restore the action to active status, and to extend the time to file a note of issue. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.