■ Muriel King, Respondent, v Mark W. Dobriner et al., Appellants, et al., Defendant. [941 NYS2d 526]—

In an action to recover damages for medical malpractice, etc., the defendants Mark W. Dobriner and Colon & Rectal Surgical Associates of LI, P.C., appeal, as limited by their brief, from so

much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered January 26, 2011, as denied their motion for summary judgment dismissing, as time-barred, the causes of action alleging acts of medical malpractice committed before April 3, 2007, insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Mark W. Dobriner and Colon & Rectal Surgical Associates of LI, P.C. (hereinafter together the Dobriner defendants), moved for summary judgment dismissing, as time-barred, the causes of action alleging acts of medical malpractice committed before April 3, 2007, insofar as asserted against them (*see* CPLR 214-a). The plaintiffs opposed the motion on the ground that the continuous treatment doctrine tolled the statute of limitations (*id.*).

The Dobriner defendants satisfied their prima facie burden of establishing that they were entitled to judgment as a matter of law by demonstrating that the plaintiffs' causes of action alleging acts of medical malpractice committed before April 3, 2007, were time-barred (*id.*; *see Vodos v Coopersmith*, 85 AD3d 909 [2011]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (*see Vodos v Coopersmith*, 85 AD3d at 909; *Gomez v Katz*, 61 AD3d 108, 111 [2009]; *Gehbauer v Baker*, 292 AD2d 255 [2002]). Accordingly, the Supreme Court properly denied the Dobriner defendants' motion. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.