■ FRANK M. STALLONE, Appellant, v JOSEPH RICHARD et al., Defendants, and MARY RICHARD et al., Respondents. [943 NYS2d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Marber, J.), entered May 2, 2011, which granted that branch of the motion of the defendants Mary Richard and James Richard which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them and denied his cross motion, in effect, to vacate his default in timely filing a note of issue and to extend his time to file a note of issue.

Ordered that the order is affirmed, with costs.

A certification order of the Supreme Court dated July 16, 2010, directing the plaintiff to file a note of issue within 90 days, and warning that the complaint would be deemed dismissed without further order of the Supreme Court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Fenner v County of Nassau*, 80 AD3d 555 [2011]; *Sicoli v Sasson*, 76 AD3d 1002, 1003 [2010]; *Rodriguez v Five Towns Nissan*, 69 AD3d 833, 834 [2010]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]). Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (*see Fenner v County of Nassau*, 80 AD3d at 555; *Sharpe v Osorio*, 21 AD3d 467, 468 [2005]). The plaintiff did neither. Thus, in order to avoid dismissal, the plaintiff was required to demonstrate a justifiable excuse for his failure to comply with the certification order and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Rodriguez v Five Towns Nissan*, 69 AD3d at 834; *Sharpe v Osorio*, 21 AD3d at 468).

Here, the conclusory and unsubstantiated claim of law office failure proffered by the plaintiff did not rise to the level of a reasonable excuse (*see Fenner v County of Nassau*, 80 AD3d at 556; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 905 [2008]; *Piton v Cribb*, 38 AD3d 741, 742 [2007]). Further, the plaintiff failed to establish the existence of a potentially meritorious cause of action (*see Bard v Jahnke*, 6 NY3d 592 [2006]; *Sarno v Kelly*, 78 AD3d 1157 [2010]).

In light of the above, the plaintiff's remaining contention need not be considered.

Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Mary Richard and James Richard which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross motion, in effect, to vacate his default in timely filing a note of issue and to extend his time to file a note of issue. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.