■ NOOR BHATTI et al., Respondents, v EMPIRE REALTY ASSOCIATES, INC., et al., Appellants. [956 NYS2d 557]—

In a compliance conference order date March 3, 2006, the Supreme Court directed the plaintiffs to file a note of issue on or before September 3, 2006, and warned that the action would be dismissed if the plaintiffs failed to comply. Counsel for the plaintiffs signed the order, acknowledging receipt thereof. This order had the same effect as a 90-day notice pursuant to CPLR 3216 (*see Shcherbina v Queens Nassau Nursing Home, Inc.*, 66 AD3d 869 [2009]; *Anjum v Karagoz*, 48 AD3d 605 [2008]). Therefore, the plaintiffs were required either to serve and file a timely note of issue or to move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Stallone v Richard*, 95 AD3d 875, 876 [2012]; *Davis v Cardiovascular Consultants of Long Is., P.C.*, 65 AD3d 1076, 1077 [2009]; *Sharpe v Osorio*, 21 AD3d 467, 468 [2005]; *Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348, 348-349 [2005]; *DeVore v Lederman*, 14 AD3d 648, 649 [2005]). The plaintiffs did neither. Accordingly, the action was properly dismissed pursuant to CPLR 3216 (*see Shcherbina v Queens Nassau Nursing Home, Inc.*, 66 AD3d at 869; *Bowman v Kusnick*, 35 AD3d 643, 644 [2006]).

To vacate the dismissal of an action pursuant to CPLR 3216, the plaintiffs were required to demonstrate a justifiable excuse for their failure to comply with the compliance conference order and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Stallone v Richard*, 95 AD3d at 876; *Felix v County of Nassau*, 52 AD3d 653, 654 [2008]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783 [2008]). Here, the conclusory and unsubstantiated claim of law office failure proffered by the plaintiffs did not rise to the level of a justifiable excuse (*see Stallone v Richard*, 95 AD3d at 876; *Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]; *Lugauer v Forest City Ratner Co.*, 44 AD3d 829, 830 [2007]). As the plaintiffs failed to provide a justifiable excuse, we need not address whether they established the existence of a potentially meritorious cause of

action (*see Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1024 [2009]). Accordingly, the Supreme Court should have denied the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to active status, and to extend their time to file a note of issue. Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.