In an action to recover damages for medical malpractice, etc., the defendants Mark W. Dobriner and Colon & Rectal Surgical Associates of L.I., EC., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (lannacci, J.), entered October 31, 2011, as granted those branches of the plaintiffs motion which were to vacate the dismissal of the action insofar as asserted against them pursuant to CFLR 3216 and to extend her time to file a note of issue.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs motion which were to vacate the dismissal of the action insofar as asserted against the defendants Mark W Dobriner and Colon & Rectal Surgical Associates of L.I., EC., pursuant to CFLR 3216 and to extend her time to file a note of issue are denied.
*1054 A certification order of the Supreme Court dated March 31, 2011, directing the plaintiff to file a note of issue within 90 days, and warning that the complaint would be deemed dismissed without further order of the Supreme Court if the plaintiff failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Stallone v Richard, 95 AD3d 875, 876 [2012]; Fenner v County of Nassau, 80 AD3d 555 [2011]). Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (see Stallone v Richard, 95 AD3d at 876; Fenner v County of Nassau, 80 AD3d at 555). The plaintiff did neither. Thus, to avoid dismissal, the plaintiff was required to demonstrate a justifiable excuse for her failure to comply with the certification order and the existence of a potentially meritorious cause of action (see CPLR 3216 [e]; Stallone v Richard, 95 AD3d at 876).
The assertion of the plaintiff’s counsel that he incorrectly calendared the date on which the note of issue was due amounted to a reasonable excuse of law office failure (see Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391 [2008]; Hoffman v Kessler, 28 AD3d 718 [2006]). However, the plaintiff failed to provide in her initial moving papers an affidavit of merit from a medical expert competent to attest to the meritorious nature of the cause of action alleging medical malpractice (see Mosberg v Elahi, 80 NY2d 941 [1992]; Jedraszak v County of Westchester, 102 AD3d 924, 925 [2013]; Burke v Klein, 269 AD2d 348 [2000]; Nepomniaschi v Goldstein, 182 AD2d 743 [1992]). It was improper for the plaintiff to submit an affidavit of merit from a medical expert for the first time in her reply papers (see Siculan v Koukos, 74 AD3d 946, 947 [2010]; cf. Hoffman v Kessler, 28 AD3d 718, 719 [2006]). Contrary to the Supreme Court’s conclusion, “the past history of this case” does not demonstrate that the plaintiff has a potentially meritorious cause of action alleging medical malpractice. The prior summary judgment motion of the defendants Mark W. Dobriner and Colon & Rectal Surgical Associates of L.I., PC. (hereinafter together the Dobriner defendants), was based on the contention that the medical malpractice cause of action was time-barred, and did not address the merits of the cause of action (see King v Dobriner, 94 AD3d 821 [2012]).
Accordingly, those branches of the plaintiffs motion which were to vacate the dismissal of the action insofar as asserted against the Dobriner defendants pursuant to CPLR 3216 and to extend her time to file a note of issue should have been denied. Dillon, J.R, Dickerson, Chambers and Miller, JJ., concur.